UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>                      Plaintiff,<br><br>v.<br><br>DUSTIN K YOUNGS, S.A.G., a minor, NANCY GEIB, solely in her role as mother/guardian of S.A.G., and DEBORAH CUNNINGHAM,<br><br>                      Defendants. | Civ. Action No.: _____<br><br>**INTERPLEADER COMPLAINT** |

Plaintiff, State Farm Life Insurance Company ("SFLIC"), an insurance company organized under the laws of the State of Illinois, with its principal place of business at Bloomington, Illinois, by way of Complaint in Interpleader says:

## THE PARTIES

1. SFLIC is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois.

2. Defendant Dustin K. Youngs, is an adult individual, on information and belief, resides in Sandstone, MN. Upon information and belief, Youngs is the nephew of Robert J. Cunningham, deceased ("Insured") and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

3. Defendant S.A.G., is a minor and, on information and belief, resides in Little Canada, MN. Upon information and belief, S.A.G. is the niece of Robert J. Cunningham, the Insured and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

4. Defendant Nancy Geib is an adult individual who, on information and belief, resides in Little Canada, MN Upon information and belief, Nancy Geib is the mother and legal guardian of S.A.G.

5. Deborah Cunningham ("Cunningham"), is an adult individual, who, on information and belief, resides in Hugo, MN. Cunningham is the wife of the Insured and is named in this action as a putative beneficiary of the life insurance proceeds at issue in this action.

## JURISDICTION

6. This Court has original jurisdiction over this Interpleader action pursuant to 28 U.S.C. § 1332, because the amount in controversy is greater than $75,000.00, and there is diversity of citizenship among the parties. Jurisdiction is also appropriate under Rule 22 of the Federal Rules of Civil Procedure.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(3) and 28 U.S.C. § 1391(a) because it is the judicial district in which at least one of the defendants resides.

## FACTS SUPPORTING INTERPLEADER

8. On January 14, 2008, SFLIC issued a life insurance policy to Insured, bearing Policy No. LF-2477-9562 (the "Policy"). Attached hereto as Exhibit A is a true and correct copy of the Policy.

9. At all relevant times, the Insured, by virtue of paying life insurance premiums was covered for basic life insurance in the amount of $250,000.00 ("Total Death Benefit").

10. On or about December 9, 2007, Insured executed a Life Insurance application in which he listed Deborah Cunningham as the primary beneficiary of the Policy and Dustin K. Youngs, as the successor beneficiary of the Policy. Attached hereto as Exhibit B is a true and correct copy of Insured's Life Insurance application.

11. On or about January 2, 2017, Insured executed a Change of Beneficiary Form which listed Dustin K. Youngs and S.A.G. as the primary beneficiaries of the Policy. Attached hereto as Exhibit C is a true and correct copy of the Change of Beneficiary Form.

12. SFLIC has received information that the Insured died in the State of Minnesota on June 10, 2020. Attached hereto as Exhibit D is a true and accurate copy of the Insured's Death Certificate, as provided to SFLIC.

13. As a consequence of the Insured's death, the Total Death Benefit became due.

14. Youngs and Cunningham have each made a claim for the Total Death Benefit under the Policy. S.A.G. has not made a claim for the Total Death Benefit. Attached hereto as Exhibit E is a true and correct copy of the Life Insurance Claim form dated July 13,

2020 by Youngs.  Attached hereto as Exhibit F is a true and correct copy of the Life Insurance Claim form dated July 14, 2020 by Cunningham.

15. Youngs' claim for the Total Death Benefit is based upon his name appearing on the January 2017 Change of Beneficiary form as one of two primary beneficiaries.

16. Cunningham's claim for the Total Death Benefit is based upon her allegation that a mistake was made in the January 2017 Change of Beneficiary form in that Youngs and S.A.G. were to be named as successor beneficiaries not primary beneficiaries.

17. SFLIC has not paid the Total Death Benefit to either claimant.

## THE APPROPRIATENESS OF INTERPLEADER

18. SFLIC claims no title to or interest in the Total Death Benefit to be paid under the Policy on account of the death of the Insured and is ready and willing to pay the Total Death Benefit to the person(s) entitled to it, but SFLIC is unable to make that determination without exposing itself to double or multiple liability on account of the potential competing claims made by or available to defendants.

19. SFLIC has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the defendants as to the Total Death Benefit.

20. SFLIC is a mere stakeholder in this action, having and claiming no interest in the Total Death Benefit payable upon the death of the Insured.  SFLIC is ready and willing to deposit the Total Death Benefit, together with accrued claim interest, if any, into the Court, or with a person duly authorized by the Court to receive it.

## PRAYER FOR RELIEF

**WHEREFORE**, SFLIC respectfully requests that this Court grant the following relief:

A. Directing SFLIC to pay the Total Death Benefit, together with claim interest, if any, into this Court, or to such other person as the Court directs;

B. Directing the defendants to interplead their rights to such sum;

C. Restraining the defendants, and each of them, from instituting or maintaining any action against SFLIC to recover such sum;

D. Discharging SFLIC from all liability to the defendants arising out of the matters set forth herein upon payment of the Total Death Benefit, together with applicable claim interest, if any, into this Court;

E. Entry of an Order awarding SFLIC payment of its reasonable attorney's fees and costs necessitated by the bringing of this action; and

F. Such other relief as is deemed just and proper.

Dated:  October 6, 2020 	BERENS & MILLER, P.A.

s/Erin K. F. Lisle
Barbara Podlucky Berens, #209788
Erin K. F. Lisle, #238168
80 S. 8TH Street, Suite 3720
Minneapolis, MN 55402
Telephone:   (612) 349-6171
Facsimile:   (612) 349-6416
bberens@berensmiller.com
elisle@berensmiller.com

*Attorneys for Plaintiff State Farm Life Insurance Company*